UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN GUTIERREZ VENTURA,<br><br>                      Petitioner,<br>v.<br><br>GREGORY J. ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement, et. al.,<br><br>                      Respondents. | Case No.: 3:20-cv-00963-GPC-AGS<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING PETITIONER EXTENSION OF TIME TO FILE A REPLY**<br>**[ECF No. 20.]** |

      Petitioner Cristian Gutierrez Ventura ("Petitioner"), a detainee, proceeding pro se and in forma pauperis, in the custody of the U.S. Immigration and Customs Enforcement ("ICE"), filed a motion for appointment of counsel under 18 U.S.C. § 3006A.  (Dkt. No. 20.)  On May 22, 2020, Petitioner filed a Petition for Writ of Habeas Corpus under 22 U.S.C. § 2241 requesting immediate release from the Imperial Regional Detention

Facility "due to the urgent threat to his life posed by COVID-19." (Dkt. No. 1.) He filed an Amended Petition on May 26, 2020. (Dkt. No. 4.) Respondents filed a Return to Petition and supplemental documents. (Dkt. Nos. 10, 15, 16, 18.) No reply was filed by Petitioner; instead on July 3, 2020[1], Petitioner filed a motion for appointment of counsel. Based on the reasoning below, the Court DENIES Petitioner's motion for appointment of counsel but grants Petitioner an extension of time to file a reply.

## Analysis

Petitioner argues that he should be appointed counsel due to the complex nature of the case and likelihood of success on the merits. He notes that when Respondents sought an extension of time to file additional documents, they even argued they needed additional time due to the "complex nature of the matters." Moreover, he argues that appointment of counsel is necessary because discovery is imperative and an evidentiary hearing may be necessary.

There is no constitutional right to appointment of counsel in federal habeas proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Chaney v. Lewis*, 801

---

[1] On June 4, 2002, Petitioner was serving a 30-day disciplinary segregation to "A-Unit" in a single-occupancy closed cell due to a disciplinary report that he was in possession of detainee manufactured alcohol and would be released on July 3, 2020. (Dkt. No. 15, Marrero Decl. ¶ 117.)

F.2d 1191, 1196 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). However, appointment of counsel for a § 2241 habeas petitioner is appropriate for financially eligible petitioners when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Appointment of counsel is required when the court conducts an evidentiary hearing on the petition. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

Here, Petitioner has competently represented himself and filed a 38-page petition that includes a thorough and detailed statement of fact and supporting law concerning his claim for habeas relief. The instant motion for appointment of counsel further demonstrates Petitioner's ability to present legal and factual arguments to support his position. His circumstance does not indicate that appointment of counsel is necessary to avoid due process violations. *See Dunsmore v. Paramo*, No. 13cv1193-GPC-PCL, 2013 WL 5738774 (S.D. Cal. Oct. 22, 2013) (denying appointment of counsel to a pro se litigant who had a "good grasp of the basis of his claims, and [was] able to articulate them in light of the relative complexity of the legal issues involved").

As to discovery, Respondents have provided the relevant medical records concerning Petitioner's condition and documents concerning the IRDF's efforts to protect its detainees from Covid-19 exposure and infection.  Petitioner has not indicated what additional discovery would be necessary to resolve the issue in his petition.  Moreover, Petitioner argues that an evidentiary hearing **may** be necessary.  At this stage, it is not clear whether an evidentiary hearing is necessary and therefore, appointment of counsel is not warranted.  In the event the Court reviews the record and determines an evidentiary hearing is necessary, the Court will appoint counsel; however, at this time, the Court DENIES Petitioner's motion for appointment of counsel.

### Conclusion

Based on the above, the Court DENIES Petitioner's motion for appointment of counsel.  In light of his request, the Court GRANTS Petitioner leave to file a reply on or before **August 7, 2020.**

IT IS SO ORDERED.

Dated:  July 17, 2020

Hon. Gonzalo P. Curiel
United States District Judge