UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN GUTIERREZ VENTURA,<br><br>Petitioner,<br><br>v.<br><br>GREGORY J. ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement, et. al.,<br><br>Respondents. | Case No.: 3:20-cv-00963-GPC-AGS<br><br>**ORDER DENYING AND DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS AS MOOT** |

Petitioner Cristian Gutierrez Ventura ("Petitioner"), a detainee in the custody of the U.S. Immigration and Customs Enforcement ("ICE") filed an Amended Petition for Writ of Habeas Corpus under 22 U.S.C. § 2241 requesting immediate release from the Imperial Regional Detention Facility ("IRDF") "due to the urgent threat to his life posed by COVID-19" pending his removal proceedings. (Dkt. No. 4.) Respondents filed a

1

Return to Petition and supporting documentation. (Dkt. Nos. 9, 10, 15, 16.) On July 13, 2020, Petitioner filed a request for appointment of counsel which the Court denied but granted him additional time to file a reply until August 7, 2020. (Dkt. No. 21.) On August 6, 2020, Respondents filed a notice of Petitioner's removal stating that on July 15, 2020, Petitioner was removed from the United States to El Salvador. (Dkt. No. 24; Dkt. No. 24-1, Valenzuela Decl. ¶ 5.) On July 1, 2020, Immigration Judge ordered Petitioner removed and Petitioner waived appeal of the immigration judge's decision and the Immigration Judge's decision and removal order became the final order of removal. (*Id.* ¶ 3.) ICE scheduled a flight for Petitioner, and on July 15, 2020, Petitioner was removed to El Salvador by airplane. (*Id.* ¶¶ 4-5.) Respondents argue that the petition should be dismissed as moot. The Court agrees.

Here Petitioner sought release from ICE custody while his case was being adjudicated in the immigration court. (Dkt. No. 4, Pet. 30.) Therefore, his removal fully resolved the relief sought in his habeas petition. *See Abdala v. INS,* 488 F.3d 1061, 1063 (9th Cir. 2007) (petition rendered moot by removal shortly after the petition was filed because habeas claims challenged only the length of his detention as distinguished from the lawfulness of the deportation order); *see also Sayyah v. Farquharson*, 382 F.3d 20, 22 n. 1 (1st Cir.2004) (holding that a "claim[of] indefinite detention . . . was mooted by [a

petitioner's] subsequent release"). Accordingly, the Court DENIES and DISMISSES the Amended Petition for Writ of Habeas Corpus.

**IT IS SO ORDERED.**

Dated: August 14, 2020

_____
Hon. Gonzalo P. Curiel
United States District Judge